JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Hermogene Laboy, Jr., appeals from the judgment of the Cuyahoga County Common Pleas Court sentencing him to seven years incarceration. Finding no merit to Laboy's appeal, we affirm.
 {¶ 2} In March 2003, the grand jury indicted Laboy in a 15-count indictment for trafficking in heroin in an amount over 250 grams. Pursuant to a plea agreement, Laboy subsequently pled guilty to one count of the indictment, possession of drugs, a first degree felony. The State nolled the remaining counts of the indictment and the major drug offender specifications. Pursuant to the plea agreement, Laboy agreed to a term of six years incarceration.
 {¶ 3} At sentencing, the trial court imposed the agreed sentence of six years, then set a bond and gave Laboy a date to turn himself in to begin serving his sentence if he was able to post the bond. The trial judge warned Laboy that if he failed to turn himself him on that date, the judge would "revisit" the six-year sentence.
 {¶ 4} Laboy did not turn himself in on the specified date. At the subsequent resentencing hearing, the trial judge sentenced Laboy to seven years incarceration. Laboy now appeals.
 {¶ 5} R.C. 2929.14(A) provides that the prison term for a first degree felony shall be three, four, five, six, seven, eight, nine or ten years. R.C. 2929.14(B) further provides that a court imposing a sentence upon an offender for a felony must impose the shortest prison term authorized for the offense, unless the offender has previously served a prison term, or the court finds on the record that the shortest prison term will "demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." The trial court made both findings when sentencing Laboy.
 {¶ 6} In his single assignment of error, Laboy argues that the trial court should have imposed the minimum sentence of three years. He contends that, in light of the United States Supreme Court decision in Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403, the trial court was prohibited from imposing more than the minimum term unless a jury made the findings set forth in R.C. 2929.14(B) to impose more than the minimum sentence on a first time offender. Laboy's argument fails, however, for several reasons.
 {¶ 7} First, Laboy's argument that his non-minimum sentence violates Blakely was addressed in this court's en banc decision of State v. Atkins-Boozer. In Atkins-Boozer, we held that R.C. 2929.14(B), which governs the imposition of minimum sentences, does not implicate the Sixth Amendment right to a jury as construed in Blakely.
 {¶ 8} Second, the record reflects that Laboy agreed to the six-year sentence as part of his plea agreement with the State. The record further reflects that defense counsel informed the trial judge at resentencing that Laboy "recognizes and understands that this court is in a position to review and recalculate the agreed sentence" in light of Laboy's failure to turn himself in on the designated date. Accordingly, we find no error in the sentence.
 {¶ 9} Appellant's assignment of error is overruled.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Sweeney, J., concur.